UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALBERTO GARCIA, et al.,<br><br>Petitioners,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondents. | Case No. 2:25-cv-01980-TMC<br><br>ORDER GRANTING IN PART MOTION FOR ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE |

On October 13, 2025, Petitioners filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. On the same day, Petitioners requested that the Court grant the petition forthwith or, in the alternative, issue an order to show cause and expedited briefing schedule in this matter—three days for a response. Dkt. 2. The Court GRANTS the motion in part and orders an expedited briefing schedule for the reasons that follow.

1. The Court retains discretion to determine when an answer or response to a section 2241 habeas petition is due. *See, e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond

the time periods set forth in 28 U.S.C. § 2243). Even when following 28 U.S.C. § 2243, the Court may allow up to twenty days for the return with good cause. 28 U.S.C. § 2243 ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). While expedited briefing is warranted, the Court declines to adopt Petitioners' proposed briefing schedule. *See* Dkt. 2 at 3.

2. In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); see *Fay v. Noia*, 372 U.S. 391, 400 (1963) (habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.")

3. Thus, the Court examines the allegations and circumstances of each case in determining the due date of a response. In examining the allegations here, the Court finds there is a basis to expedite this matter. Petitioners allege they are unlawfully detained under mandatory detention policies recently adopted by the Department of Homeland Security ("DHS") and the Executive Office for Immigration Review ("EOIR"). Dkt. 1 ¶¶ 6–13. Whether Petitioners are lawfully detained under 8 U.S.C. § 1225 presents the same legal question that is the subject of a certified class action pending before this Court, in which the Court has already ruled that Respondents' bond denial policy is likely unlawful. *See Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); Dkt. 1 ¶ 2. Because Petitioners seek a writ of habeas

ORDER GRANTING IN PART MOTION FOR ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 2

corpus based on their interpretation of the same legal question, the case appears unlikely to require detailed fact development. *See id.* at 1.

4. Accordingly, the Court ORDERS:

   a. Petitioners' motion, Dkt. 2, is GRANTED IN PART.

   b. Respondents shall file a response to the habeas petition no later than October 20, 2025. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

   c. Any reply Petitioners wish to file shall be due by October 21, 2025. The Clerk shall note the matter for October 21, 2025.

   d. The clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondents and shall immediately email a copy of this order to usawaw.Habeas@usdoj.gov.

Dated this 14th day of October, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART MOTION FOR ORDER TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 3