UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALBERTO GARCIA, et al.,<br><br>Petitioner,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondent. | Case No. 2:25-cv-01980-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioners are three individuals who are detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶¶ 4, 7, 11.

Petitioners, who entered the United States without inspection and have each resided in the country for decades, claim that they were unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 4–14, 26–30. They argue that they are instead subject to detention under a separate provision of the Immigration and National Act ("INA"), 8 U.S.C. § 1226(a), under which they are entitled to a bond hearing before an Immigration Judge ("IJ") with the possibility of release. *Id.* ¶¶ 2, 26–30. All three petitioners were denied bond under the rationale that the Tacoma Immigration Court lacks jurisdiction to grant bond for those mandatorily detained under § 1225(b)(2). Dkt. 3-1 at 2; Dkt. 3-6 at 2; Dkt. 3-9 at 2. At the time

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

that this habeas petition was filed, IJs had set bond in the alternative for each Petitioner: $5,000 for Petitioner Alberto Garcia, $15,000 for Petitioner Fernando Rangel-Saucedo, and $5,000 for Petitioner Ismael Ortiz Montoya. Dkt. 3-1 at 2–3; Dkt. 3-6 at 2–3; Dkt. 3-9 at 2–3.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

On October 13, Petitioners filed a Petition for Writ of Habeas Corpus, asserting that they are members of the Bond Denial Class and have been unlawfully detained without consideration for release on bond in violation of the INA and this Court's summary judgment order in *Rodriguez Vazquez*. Dkt. 1 ¶¶ 27–30. That same day, they requested that the Court grant the petition forthwith or, in the alternative, issue an order to show cause and expedited briefing schedule. Dkt. 2. The Court granted the show cause motion in part and set an expedited briefing schedule requiring Respondents to file a response to the habeas petition no later than October 20, 2025. Dkt. 7. Respondents filed a response on October 20. Dkt. 9.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS Petitioners' petition for a writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on their habeas petition, Petitioners "must show [they are] in custody in violation of the Constitution or laws or treaties of the United

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024) (citing 28 U.S.C. § 2241(c)(3)), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024).

### III.    DISCUSSION

It is undisputed that Petitioners remain in custodial detention at NWIPC. Dkt. 1 ¶¶ 4, 7, 11; Dkt. 9 at 4. Petitioners argue that because they are members of the Bond Denial Class, their continued detention under § 1225(b)(2) and the denials of their requests for bond under § 1226(a) violate the INA and this Court's summary judgment order in *Rodriguez Vazquez*. Dkt. 1 ¶¶ 27–30.

Respondents explain that while they continue to disagree with this Court's decision in *Rodriguez Vazquez*, they "do not object to these three Petitioners being considered members of the Bond Denial Class for purposes of this litigation." *Id.* at 3. Respondents argue that if this Court determines that habeas relief is appropriate for these Petitioners, the Court should order their release upon payment of their respective alternative bond amounts. *Id.* at 4.

In *Rodriguez Vazquez*, this Court granted summary judgment and entered a declaratory judgment for members of a certified Bond Denial Class, declaring that the "Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.* There is no dispute that Petitioners are members of the Bond Denial Class for purposes of this litigation. Dkt. 1 ¶ 27; Dkt. 9 at 3. For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioners are detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, No. 3:25-CV-05240-

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

TMC, 2025 WL 2782499, at *27. Petitioners have thus shown they are "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). Accordingly, Petitioners' writ of habeas corpus is GRANTED.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must either release Petitioners or allow Petitioners' release upon payment of their respective alternative bond amounts set by the IJs. Petitioners' release shall be subject to the conditions set by the IJs in their respective conditional bond orders.

    a. For Petitioner Alberto Garcia, the bond amount found in the alternative is $5,000. (Dkt. 3-1 at 2).

    b. For Petitioner Fernando Rangel-Saucedo, the bond amount found in the alternative is $15,000. (Dkt. 3-6 at 2).

    c. For Petitioner Ismael Ortiz Montoya, the bond amount found in the alternative is $5,000. (Dkt. 3-9 at 2).

3. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 21st day of October, 2025.

Tiffany M. Cartwright
United States District Judge